Argued and submitted October 13, reversed and remanded November 17, 1980

STATE ex rel GREENLEE,
*Appellant,*
*v.*
GROAT,
*Respondent.*

(No. 41407, CA 17784)

619 P2d 667

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Herbert R. DeSelms, Lincoln City, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P. J.

## JOSEPH, P. J.

The state filed a petition for support pursuant to the Revised Uniform Reciprocal Enforcement Support Act (ORS 110.005 *et seq.*) requesting enforcement of a support order and a judgment for accrued arrearages. The trial court denied the relief sought and dismissed the petition.

Petitioner and respondent were married in November, 1973, and in the same month they filed a "co-petition" for dissolution of the marriage in Colorado. Before the hearing on the petition, petitioner discovered that she was pregnant and filed an amended co-petition to include a request for child support. A hearing was held in May, 1974. Petitioner and respondent were present at the hearing, and respondent admitted paternity. He agreed that $75 per month would be a reasonable sum for child support. An "amended decree" was entered fixing the support at that amount "commencing when child born."[1] During the time respondent was in the army $75 per month was withheld from his paycheck and, apparently, paid to petitioner as child support. After his discharge in October, 1978, petitioner made no further child support payments.

■■   Nothing in the record before us gives a clue to why the trial court denied relief and dismissed the petition. Nothing in the respondent's brief offers any sensible reason either. As best we can determine respondent would have us hold that the Colorado decree was void under the law of that state because a Colorado court did not have jurisdiction to award support for a child not yet born. No authority for that proposition is cited. Respondent also appears to argue that because the co-petitioners in Colorado sought a dissolution of marriage and received a decree of legal separation, the decree issued was void. No support is offered for that proposition either. We reverse and remand the case for further proceedings under the uniform act.

Reversed and remanded.

---

[1] The decree refers to "[t]he separation agreement between the parties" and orders that "a decree of legal separation be entered, and the parties hereto are hereby declared legally separated." The decree also said: "IT IS FURTHER ORDERED that no earlier than six months after this date on the motion of either party, the Court shall convert this decree of legal separation to a decree of dissolution of marriage." Nothing in the record before us indicates that that conversion ever took place.